## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ESTEBAN PEREZ,

    Plaintiff,

v.

WESTERN OILFIELDS SUPPLY COMPANY, d/b/a Rain for Rent

    Defendant.

_____

### COMPLAINT AND JURY DEMAND
_____

COMES NOW, Plaintiff Esteban Perez ("Plaintiff" or "Perez"), by and through his attorneys, the Traylor Law Group, LLC, and for his Complaint and Jury Demand ("Complaint") against Defendant Western Oilfields Supply Company doing business as Rain for Rent ("Rain for Rent" or "Defendant"), states the following:

### PARTIES AND JURISDICTION

1. Plaintiff Perez is an individual resident of Colorado, residing in the city of Fort Lupton in the state of Colorado.

2. Upon information and belief, Defendant Western Oilfields Supply Company, doing business as Rain for Rent, is a corporation providing liquid handling services to oil field operations. It has its headquarters at 3404 State Rd., Bakersfield, California 93308, and is doing business in Colorado through its branch office at 1682 Denver Ave., Fort Lupton, Colorado 80621.

3. Subject matter jurisdiction over this action is invoked pursuant to 28 U.S.C. §§ 1331 and 1367. This action is instituted pursuant to the Surface Transportation Act, 49 U.S.C. § 31105(a)-(b), and Colorado state law claims.

4. Venue in the State of Colorado is proper because the unlawful practices alleged herein were committed within the State of Colorado.

## FACTUAL ALLEGATIONS

5. Perez began his employment as a commercial vehicle driver, Class A, for Rain for Rent's Fort Lupton Branch Office on or about August 20, 2012. Perez's duties and responsibilities as a commercial vehicle driver included performing required truck inspections and reporting any needed maintenance or repair, as well as performing minor emergency roadside repairs.

6. From the beginning of his employment and continuing through his termination, Perez repeatedly reported and complained of hazardous working conditions, ultimately raising workplace safety concerns more than ten times between August 20, 2012 and April 18, 2013.

7. Perez's supervisors established a strong policy against safety complaints from drivers. Supervisors discouraged Perez from reporting problems with company vehicles on Driver's Inspection Reports (DVIRs), and when he insisted on completing the DVIRs accurately, he was scrutinized intensely by his supervisors and the issues he reported were not taken seriously.

8. Each time Perez reported safety concerns to higher-level management, his reports were actively ignored as they made their way up the chain of command.

9. In or around March 2013, Perez reported broken running lights on a "red tagged" trailer as well as electrical issues with the truck he was instructed to drive between Fort Lupton and Wyoming. He had been forced to drive that truck because his usual truck had been shutting off while he was driving. Perez initially refused to drive from Wyoming, but eventually was ordered to do so by Noe Moctezuma, a Rain for Rent dispatcher in Fort Lupton.

10. Perez also refused to drive a truck from Fort Lupton to Rifle, Colorado because of the truck's noncompliance with federal safety regulations.

11. On April 1, 2013, Roy Strong, the Fort Lupton Operations Manager, asked to meet with Perez, purportedly about his failure to report minor damage to a truck he had recently driven. Singled out and frustrated over Rain for Rent's failure to take any action in response to his longstanding safety concerns, Perez informed Mr. Strong that his scrutiny was ridiculous in light of all he had ignored. Mr. Strong suspended Perez indefinitely. Perez then contacted Rain for Rent's corporate office and informed the Safety department that he had been suspended for arguing with a supervisor over the company's safety violations.

12. Sometime in mid-April 2013, Rain for Rent's corporate personnel conducted some form of investigation into Mr. Perez's complaints.

13. After he was suspended, the behavior of his supervisors convinced Perez that they had no intention of taking his safety concerns seriously. Therefore, on April 18, 2013, Perez filed a formal complaint with the Occupational Safety and Health Administration (OSHA) concerning Rain for Rent's noncompliance with federal safety regulations. OSHA notified Rain for Rent of the complaint the same day.

14. On April 19, 2013, just one day after receiving notice of Perez's OSHA complaint, Rain for Rent terminated Mr. Perez's employment, citing "insubordination."

**FIRST CLAIM FOR RELIEF**
**(Retaliation in Violation of the Surface Transportation Assistance Act, 49 U.S.C. § 31105(a)-(b))**

15. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

16. Rain for Rent regularly directed Perez to operate commercial vehicles that did not comply with safety standards established by federal law, and prevented him from reporting safety issues with Rain for Rent's vehicles.

17. Perez refused to drive Rain for Rent's unsafe vehicles based on his reasonable belief that doing so would have violated federal and state safety standards for commercial vehicles.

18. Rain for Rent was aware or reasonably should have been aware that Perez's refusal to operate Rain for Rent's unsafe vehicles was based on Perez's belief that doing so would have violated federal and state safety standards for commercial vehicles.

19. In addition to his refusal to operate the vehicles, Perez made complaints both to his employer and to OSHA regarding the unsafe nature of Rain for Rent's vehicles.

20. Perez was suspended for alleged insubordination less than two weeks after refusing to drive an unsafe vehicle.

21. Rain for Rent terminated Perez's employment within 24 hours of receiving notice that he contacted OSHA about the company's safety violations.

22. Rain for Rent terminated Perez because of he refused to operate its unsafe

vehicles and because he exercised his right to report his safety concerns to OSHA.

23.     Perez has exhausted the administrative complaint process proscribed by the Surface Transportation Assistance Act, 49 U.S.C. § 31105(b), and therefore is permitted to seek de novo review from this court according to 49 U.S.C. §31105(c).

24.     Perez has suffered, and continues to suffer, damages as a result of Rain for Rent's dangerous and retaliatory conduct.

**SECOND CLAIM FOR RELIEF**
**(Lawful Off-Duty Conduct, C.R.S. § 24-34-402.5)**

25.     Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

26.     Perez made his complaint to OSHA regarding Rain for Rent's noncompliance with federal safety regulations while he was suspended from Rain for Rent. He was not working and was not on Rain for Rent's premises when he made this complaint.

27.     Employees are lawfully permitted to make complaints to OSHA regarding unsafe or hazardous working conditions that they believe are in violation of federal safety regulations.

28.     Nevertheless, Rain for Rent terminated Perez's employment within 24 hours of receiving notice that he contacted OSHA about the company's safety violations.

29.     Perez was terminated because of his lawful, off-duty conduct.

30.     Perez has suffered, and continues to suffer, damages as a result of Rain for Rent's dangerous and retaliatory conduct.

**THIRD CLAIM FOR RELIEF**
**(Wrongful Termination in Violation of Public Policy)**

31.     Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if

fully set forth herein.

32. Rain for Rent regularly directed Perez to operate commercial vehicles that did not comply with safety standards established by federal law, and prevented him from reporting safety issues with Rain for Rent's vehicles.

33. Perez refused to drive Rain for Rent's unsafe vehicles based on his reasonable belief that doing so would have violated federal and state safety standards for commercial vehicles.

34. Rain for Rent was aware or reasonably should have been aware that Perez's refusal to operate Rain for Rent's unsafe vehicles was based on Perez's belief that doing so would have violated federal and state safety standards for commercial vehicles.

35. In addition to his refusal to operate the vehicles, Perez made complaints both to his employer and to OSHA regarding the unsafe nature of Rain for Rent's vehicles.

36. Perez was suspended for alleged insubordination less than two weeks after refusing to drive an unsafe vehicle.

37. Rain for Rent terminated Perez's employment within 24 hours of receiving notice that he contacted OSHA about the company's safety violations.

38. Rain for Rent terminated Perez because of he refused to operate its unsafe vehicles and because he exercised his right to report his safety concerns to OSHA.

39. Rain for Rent's termination of Perez contravenes clear public policies promoting safety for employees and drivers and establishing safety standards for commercial vehicles.

40. Perez has suffered, and continues to suffer, damages as a result of Rain for Rent's dangerous and retaliatory conduct.

**WHEREFORE**, Plaintiff respectfully prays for judgment in his favor and against Defendant as follows:

A. Enter judgment that the practices complained of herein are unlawful and violative of state and federal law as described above;

B. Compensate and make whole Plaintiff for all earnings, wages, and other benefits he would have received but for Defendant's wrongful actions, including but not limited to back pay, front pay, compensatory, and all other damages allowable by law;

C. Compensate and make whole Plaintiff for all loss of earning power, diminished reputation and front pay in lieu of promotion;

D. Compensate and make whole Plaintiff for damages for emotional distress, personal humiliation, and loss of enjoyment of life;

E. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees and expert witness fees;

F. Award Plaintiff punitive damages allowable by law;

G. Award Plaintiff interest, pre- and post-judgment; and

H. Award Plaintiff such further relief as the Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

DATED this 25th day of November 2013.

Respectfully submitted,

**TRAYLOR LAW GROUP, LLC**

*s/Whitney Traylor*
Whitney C. Traylor, #28102
Craig T. Truitt, #43903
1721 High St.

7

Denver, CO 80218
Telephone: 303-321-1862
Facsimile: 303-837-1214

**ATTORNEYS FOR PLAINTIFF**

PLAINTIFF'S ADDRESS
920 Grant Avenue
Ft. Lupton, Colorado 80621